IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>BCDG, LP,<br><br>Debtor. | Chapter 11 Bankruptcy<br>Case No. 16-02263<br><br>APPLICATION FOR APPROVAL OF EMPLOYMENT OF SIMMONS PERRINE MOYER BERGMAN PLC |

The Official Committee of Unsecured Creditors (the "Committee") of BCDG, LP (the "Debtor"), respectively submits this application (the "Application") pursuant to 11 U.S.C. §§ 328(a) and 1103(a) and F.R.B.P. 2014, for the entry of an order (the "Order") authorizing the Committee to employ Simmons Perrine Moyer Bergman PLC ("SPMB") as its counsel in connection with the Debtor's chapter 11 case, *nunc pro tunc* to December 27, 2016.

In support of this Application, the Committee submits the declaration of Jared F. Knight, an attorney at SPMB, attached hereto. In further support of this Application, the Committee states:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. Venue in this Court is proper pursuant to 28 U.S.C. §§1408 and 1409.

4. The statutory and rule predicates for the relief requested herein are sections 323(a) and 1103 and F.R.B.P. 2014.

## BACKGROUND

5. On November 18, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. On December 16, 2016, the United States Trustee for the Southern District of Iowa (the "U.S. Trustee") appointed the Committee (docket no. 59), and the Committee selected Schafer and Weiner, PLLC, a law firm in Michigan, as general counsel for the Committee.

7. Pursuant to the Iowa Rules of Professional Conduct and Professional Regulation, as well as the Local Rules for the Southern District of Iowa, the Committee selected SPMB to serve as local counsel to the Committee.

## RELIEF REQUESTED

8. The Committee seeks to employ SPMB as its counsel pursuant to 11 U.S.C. §§ 328(a) and 1103(a), and F.R.B.P. 2014, effective as of December 27, 2016.

## RETENTION OF SIMMONS PERRINE MOYER BERGMAN PLC

9. The Committee respectfully submits that it is necessary and appropriate to employ SPMB to, among other things:

   a. advise the Committee with respect to its rights, duties and powers in the Debtor's chapter 11 case;

   b. assist and advise the Committee in its consultation and negotiations with the Debtor relative to the administration of the Debtor's chapter 11 case;

   c. assist the Committee in analyzing the claims of the Debtor's creditor and the Debtor's capital structure and in negotiating with holders of claims and equity interests;

   d. assist the Committee in its investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor and its insiders, and of the operation of the Debtor's business;

e. assist the Committee in its analysis of, and negotiations with, the Debtor or any third party concerning matters related to, among other things, the assumption or rejection of certain leases of non-residential real property and executory contracts, asset dispositions, financing of other transactions and the terms of one or more plans of reorganization for the Debtor and accompanying disclosure statements and related plan documents;

f. assist and advise the Committee as to its communication to the general creditor body regarding significant matters in the Debtor's chapter 11 case;

g. represent the Committee at all hearings and other proceedings before this Court;

h. review and analyze applications, orders, statements of operations and schedules filed with the Court and advise the Committee as to their propriety, and to the extent deemed appropriate by the Committee, support, join or object thereto;

i. assist the Committee in preparing pleadings and application as may be necessary to further the Committee's interests and objectives;

j. assist the Committee in its review and analysis of all the Debtor's various agreements;

k. prepare, on behalf of the Committee, any pleadings, including without limitation, motions, memoranda, complaints, adversary complaints, objections or comments connected with any matter related to the Debtor or the Debtor's chapter 11 case; and

l. perform such other legal services as may be required or are otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties as set forth in the Bankruptcy Code, Bankruptcy Rules or other applicable law.

10. The Committee believes SPMB possesses extensive knowledge and expertise in bankruptcy and other areas of law relevant to the Debtor's chapter 11 case, and that SPMB is well-qualified to represent the Committee in the Debtor's chapter 11 case. In selecting counsel, the Committee sought firms with considerable experience in bankruptcy and insolvency practice. SPMB has such experience and frequently represents creditors in bankruptcy cases in the Southern and Northern Districts of Iowa.

11. Due to the extensive legal services that may be necessary in this case, and the fact that the full nature and extent of such services are not now known, the Committee believes that SPMB to provide the services described above and such other services as may be necessary for the Committee to satisfy its obligation to the Debtor's unsecured creditors is appropriate and is in the best interest of the Debtor's estate and its creditors.

12. The Committee requests that all fees and related costs and expenses incurred by the Committee for services rendered by SPMB in this case be paid as administrative expenses of the estate pursuant to 11 U.S.C. §§ 328, 330, 331, 503(b) and 507(a)(2). Subject to this Court's approval, SPMB will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered subject to 11 U.S.C. §§ 328, 330, and 331.

13. The SPMB professionals which the Committee anticipates will work on this case charge the following hourly rates:

| | |
|---|---|
| Eric W. Lam | $310 |
| Jared F. Knight | $175 |
| Tamara Domeyer | $150 |

These hourly rates are valid through December 31, 2017, but are subject to adjustment thereafter.

14. SPMB reserves the right to apply for an enhanced fee award at the end of this proceeding, subject to the Committee's discretion.

15. SPMB has advised the Committee that SPMB charges its clients for expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, filing fees, travel expenses, and computerized research. SPMB will maintain

detailed records of actual and necessary costs and expenses incurred in connection the legal services described above.

16. SPMB will apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331, the applicable Bankruptcy Rules, and any applicable guidelines established by the Office of the U.S. Trustee.

17. Prior to this retention, the members and associates of SPMB are disinterested as defined in section 101(14) and have had no connection with the Debtor or Debtor-in-Possession, creditors or any other party-in-interest, their respective attorneys or accountants, the U.S. Trustee or any of their employees except as set forth in the attached declaration.

18. The members and associates of SPMB are not now, nor upon information and belief have ever been employed by any person having an adverse interest in this case pursuant to 11 U.S.C. § 327(a).

## NOTICE

19. Notice of this Application has been provided to the following parties: (a) the Debtor; (b) Debtor's counsel; (c) the Office of the U.S. Trustee; and (d) other parties entitled to notice. The Committee submits that, considering the nature of the relief requested, no other or further notice is necessary.

WHEREFORE, the Committee requests that the Court enter an order authorizing the Committee to employ SPMB in this case *nunc pro tunc* to December 27, 2016, and granting such further relief as the Court deems just and proper under the circumstances.

/s/ Jared F. Knight
Jared F. Knight, AT0013081
Eric W. Lam, AT0004416
SIMMONS PERRINE MOYER BERGMAN PLC
115 Third Street SE, Suite 1200
Cedar Rapids, IA 52401
Tel: 319-366-7641; Fax: 319-366-1917
elam@simmonsperrine.com
jknight@simmonsperrine.com

ATTORNEYS FOR OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF BCDG, LP

## Certificate of Service

The undersigned hereby certifies, under penalty of perjury, that a copy of the instrument to which this certificate is attached was mailed via the United States mail with postage fully paid on the 3 day of January, 2017, to the parties displayed on the Service List below.

*Kelly Carmichael*

Jeffrey D. Goetz
Bradshaw, Fowler, Proctor & Fairgrave, P.C.
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004

Matthew T. Cronin
Cronin Law PLC
666 Walnut St., Suite 1850
Des Moines, IA 50309

Robert Gainer
Cutler Law Firm
1307 50th St.
West Des Moines, IA 50266

Office of the United States Trustee
210 Walnut St., Room 793
Des Moines, IA 50309

Erik Fisk
Whitfield & Eddy, P.L.C.
699 Walnut Street, Suite 2000
Des Moines, IA 50309

Paula L. Roby
Elderkin & Pirnie, P.L.C.
P.O. Box 1968
Cedar Rapids, IA 52406-1968

JFK, EWL

Kcarmichael/Pending/BCDG/SPMB App to Employ.010317.837.kc

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: <br><br> BCDG, LP, <br><br> Debtor. | Chapter 11 Bankruptcy <br> Case No. 16-02263 <br><br> DECLARATION OF JARED F. KNIGHT IN SUPPORT OF THE APPLICATION FOR APPROVAL OF EMPLOYMENT OF SIMMONS PERRINE MOYER BERGMAN PLC |

In support of the Official Committee of Unsecured Creditors of BCDG, LP (the "Committee")'s "Application for Approval of Employment of Simmons Perrine Moyer Bergman PLC," Jared F. Knight (the "Declarant") states:

1. I am an attorney admitted to practice law in the state of Iowa, the U.S. District Court for the Southern District of Iowa, and the U.S. Bankruptcy Court for the Southern District of Iowa. I am an attorney at Simmons Perrine Moyer Bergman PLC (the "Applicant"), which has its principal office at 115 3rd Street SE, Suite 1200, Cedar Rapids, IA 52401.

2. I, along with another attorney employed by Applicant, have appeared in the above-captioned case.

3. I am familiar with the matters set forth herein nad I make this declaration in support of the Application.

4. On December 16, 2016, the United States Trustee for Region 12 appointed the Committee (docket no. 59). After its appointment, the Committee selected the Michigan law firm of Schafer and Weiner, PLLC as its general counsel. On December 27, 2016, the Committee selected Applicant as local counsel.

5. I am not, nor is Applicant, an insider of the Debtor.

6. Except as set forth below, neither Applicant nor I hold any claim, debt, or equity security of the Debtor.

7. No member or employee of Applicant has been, within two years of the Petition Date, a director, officer, or employee of the Debtor as defined in 11 U.S.C. § 101(14)(B).

8. Applicant does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders of the Debtor by way of any direct or indirect relationship to, connection with, or interest in, the Debtor as defined by 11 U.S.C. § 101(14)(C).

9. Applicant does not currently represent the Debtor or, to the best of my information and knowledge, any of Debtor's related parties, affiliates, partners, or subsidiaries. Moreover, Applicant will not undertake representation of any party other than the Committee in connection with this case.

10. In addition, after reasonable inquiry and to the best of my information and knowledge, I do not believe there is a connection between Applicant and the U.S. Trustee or any person employed as an attorney in the Office of the U.S. Trustee.

11. To the best of my information and knowledge, Applicant neither holds nor represents any interest adverse to the Committee, the Debtor, its creditors, or other parties in interest or their respective attorneys in this case. Based upon the information available to me, I believe Applicant is a "disinterested person" as defined by 11 U.S.C. § 101(14).

OTHER CONNECTIONS AND GENERAL DISCLOSURES

12. Applicant represents or has represented the following creditors and/or their affiliates in unrelated matters. Each creditor is a creditor in this case holding unsecured debt. Applicant, as counsel to the Committee of Unsecured Creditors, is therefore not adverse to any of the parties listed below and detects no conflict of interest:

- ADP, LLC
- American Express
- AT&T
- Bank of the West
- Banker's Trust Company
- Coca Cola
- Culligan Water
- Dish Network
- Ecolab
- Federal Express
- Home Depot
- MasterCard
- PNC Bank
- Verizon Wireless
- Wells Fargo
- VISA

13. Applicant represents or has represented parties adverse to the following creditors and/or their affiliates. After a reasonably diligent search, Applicant determined that the matters in which Applicant was adverse the these parties are unrelated to this case, and are otherwise sufficiently distinct from this case such that no conflict of interest exists precluding Applicant from representing the Committee:

- Citizens Bank
- Davis Brown Law Firm
- Iowa Department of Revenue
- Internal Revenue Service
- RBS Citizens

14. I believe, after a diligent and reasonable search that no other creditors listed in the Schedules, nor the Debtor or the U.S. Trustee present a conflict of interest which would preclude Applicant's representation of the Committee in this case.

### COMPENSATION

15. Applicant is willing to be retained by the Committee as its counsel and will make appropriate applications to this Court pursuant to 11 U.S.C. § 330 for compensation and reimbursement of out of pocket expenses, all in accordance with the Bankruptcy Code, F.R.B.P., and any orders of this Court.

16. Applicant anticipates the following professionals and paraprofessionals will work on this matter and at the following hourly rates:

| | |
|---|---|
| Eric W. Lam | $310 |
| Jared F. Knight | $175 |
| Tamara Domeyer | $150 |

These rates are subject to adjustment upon written notice to the Committee and the Court.

17. Applicant reserves the right to apply for an enhanced fee award at the end of this proceeding, subject to the Committee's discretion.

18. Applicant charges its clients for expenses incurred in connection with the client's case. Expenses charged to clients include, but are not limited to, travel expenses, filing fees, and computerized research. Applicant will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above.

19. Applicant will apply for compensation and reimbursement of expenses in accordance with 11 U.S.C. §§ 330 and 331, applicable Bankruptcy Rules of Procedure, and guidelines established by the Office of the U.S. Trustee.

20. No agreement exists, nor will any be made, to share compensation Applicant receives for services with any other person or firm, other than Applicants' members and employees.

21. For the reasons stated herein, Applicant represents no interest adverse to the Debtor's individual creditors or the Committee and, therefore, can fulfill its duties to the Committee and the unsecured creditors that the Committee represents.

22. Applicant intends to apply for allowance of compensation for professional services rendered in this case pursuant to 11 U.S.C. § 330, and for reimbursement of actual and necessary expenses incurred in connection therewith in accordance with title 11, the F.R.B.P, and this Court's orders.

23. This Declaration constitutes Applicant's statement pursuant to 11 U.S.C. §§ 327(a), 329, and 504, and F.R.B.P. 2014(a) and 2016(b).

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the above statements are true and correct.

/s/ Jared F. Knight
Jared F. Knight, AT0013081
Simmons Perrine Moyer Bergman PLC
115 3rd Street SE, Suite 1200
Cedar Rapids, IA 52401
(319) 366.7641
jknight@simmonsperrine.com

Dated: January 3, 2017